1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11    DEAN BEAVER and LAURIE BEAVER,

Plaintiffs,

v.

Omni Hotels Management Corporation, a
Delaware Corporation; LC BROKERAGE
CORP., a Delaware Corporation; LC
INVESTMENT 2010, LLC, a Delaware
Limited Liability Company; WILLIAM
IMS, an individual; KELLY GINSBERG,
an individual; BRETT ALEXANDER
COMBS, an individual; and DOES 1
through 50, inclusive,

Defendants.

Case No.: 20-cv-00191-AJB-DEB

**ORDER GRANTING PLAINTIFFS'
MOTION TO SEAL**

**(Doc. No. 151)**

12
13
14
15
16
17
18
19
20
21
22

23    Before the Court is a renewed motion to seal Exhibits 38 through 42[1] filed by
24    Plaintiffs, Dean Beaver and Laurie Beaver, and the Class. (Doc. No. 151.) Defendants do
25    not oppose the motion. (Doc. No. 155.) For the reasons set forth below, the Court
26    **GRANTS** the motion to seal.

27
28

---

[1] These exhibits are described in the declaration of Samuel Ferguson. (Doc. No. 150 at 2–3.)

1

Relevant here, while there is "a strong presumption in favor of access to court records," it "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Having reviewed the motion and declaration in support of sealing, the Court finds compelling reasons to grant the motion. Through their renewed motion, Plaintiffs address the issues the Court identified when it denied their earlier motion to seal, including that the request was overbroad and lacked a supporting declaration. Now, Plaintiffs have filed an accompanying declaration and seek to seal only portions of Exhibits 38 through 42, which are documents reflecting "all owner statements of Class members at the Omni La Costa Resort and Spa during the Class period." (Doc. No. 150 at 2.) Plaintiffs redacted from these exhibits only the personal addresses of each Class member that appear on the upper left-hand corner of the owner statements. (*Id.*)

Considering the limited and personal nature of the information sought to be sealed and its lack of import on the pending motions for summary judgment and motions to exclude experts, the Court finds compelling reasons justify this narrow request for sealing. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006) (noting with approval the magistrate judge's finding "that the personal information of Kamakana and various law enforcement officers (home addresses and social security numbers) met the 'compelling reason' standard.").

Accordingly, Plaintiffs' motion to seal is **GRANTED**. (Doc. No. 151.) The Clerk of Court is **DIRECTED** to file as sealed the documents lodged at Doc. No. 152.

**IT IS SO ORDERED**.

Dated: June 8, 2025

Hon. Anthony J. Battaglia
United States District Judge