UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DEAN BEAVER, et al.,

Plaintiffs,

v.

OMNI HOTELS MANAGEMENT CORPORATION, et al.,

Defendants.

Case No.: 20-cv-00191-AJB-DEB

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

(Doc. No. 193)

Before the Court is the Joint Motion for Final Approval of Class Action Settlement filed by Plaintiffs Dean and Laurie Beaver (collectively, "the Beavers") and Defendants Omni Hotels Management Corporation; LC Brokerage Corp.; LC INVESTMENT 2010, LLC; William Ims; and Brett Alexander Combs (collectively, "Omni"). (Doc. No. 193.)[1] On August 27, 2026, the Court heard the motion. (Doc. No. 194.)

For the reasons set forth below, the Court **GRANTS** the joint motion. (Doc. No. 193.)

[1] Page citations refer to the pagination generated by the Case Management/Electronic Case Files system.

## I. BACKGROUND

Omni operates the Omni La Costa Resort and Spa, which offers approximately 600 hotel rooms and villas for lodging. (Doc. No. 163 at 2.) Although Omni owns the hotel rooms, private individuals such as the Beavers own the villas. (*Id.*) Additionally, instead of renting out the villas themselves, most of the private individuals rent out their villas through Omni under a Rental Management Agreement ("Agreement"). (*Id.*)

The Beavers initiated this action in January 2020, alleging Omni violated the Agreement by intentionally steering guests towards Omni's hotel rooms instead of the private individuals' villas. (*Id.* at 3; *see also* Doc. Nos. 1 ¶ 9; 31 ¶ 9.)

Following the Court's certification of a "Class" consisting of villa owners who participated in the Agreement, the parties cross-moved for summary judgment. (Doc. Nos. 71; 116; 117.) Omni prevailed. (Doc. No. 163.) Shortly thereafter, Omni moved for an award of nearly $1.45 million in attorney fees, costs, and expenses, as authorized by the Agreement. (Doc. No. 165.)

The parties later reached an agreement under which Omni would waive its rights to fees, costs, and expenses against the Beavers while the Beavers and the other Class members would waive their right to appeal this Court's summary judgment order. (Doc. No. 181 at 6, 9.) The parties moved for preliminary approval of their proposed settlement agreement (the "Settlement" (Doc. No. 181-1 at 13–32)) pursuant to Federal Rule of Civil Procedure 23(e). (*See generally* Doc. No. 181.) The Court subsequently denied Omni's motion for attorney fees, costs, and expenses without prejudice (Doc. No. 182), heard the parties' motion for preliminary approval (Doc. No. 189), and granted preliminary approval (Doc. No. 190).

In granting preliminary approval, the Court approved the parties' form and method of proposed notice. (Doc. No. 190 at 12–13.) Specifically, the parties would notify class members of the proposed settlement by two methods. First, the parties would have The Angeion Group ("Angeion") serve as the Settlement Notice Administrator. (Doc. Nos. 181 at 10; 181-1 at 7–8 ¶ 32.) Angeion would mail notice of the proposed settlement to all Class

members between 21 and 30 days after the Court's preliminary approval. (Doc. Nos. 181 at 10–11; 181 at 8 ¶¶ 35–36.) If any notice was returned as undeliverable, Angeion would perform a skip trace and attempt to deliver notice a second time. (Doc. No. 181-1 at 9 ¶ 37.) Second, Omni would email notice of the Settlement to all Class members within 21 days of the Court's preliminary approval. (Doc. Nos. 181 at 11; 181-1 at 8 ¶ 35.) The parties notified the Class members of the Settlement in accordance with the Court's approval. (Doc. Nos. 193-1 at 2–3 ¶¶ 5–10; 193-2 ¶¶ 6–9.)

The Court's preliminary approval order also required Class members to submit any objections to the Court by July 15, 2026. (Doc. No. 190 at 14.) The Court did not receive any written objections. The parties also did not receive any written objections. (Doc. Nos. 193-1 at 3 ¶ 11; 193-2 ¶ 10.)

The parties now seek final approval. (Doc. No. 193.)

## II. THE SETTLEMENT AGREEMENT

The parties characterize the Settlement as a "mutual walkaway." (*Id.* at 4.) Specifically, Omni will release its claims for attorney fees and costs while the Class will waive its ability to appeal the Court's rulings in this Action. (Doc. No. 181-1 at 19–21.) Both sides will also waive the protections of California Civil Code § 1542. (*Id.* at 21–22.) Furthermore, each party will bear its own costs and expenses. (*Id.* at 23.)

By entering the Settlement, any clouds on the Class member's titles created by this Action would be lifted. (*See* Doc. No. 181 at 15.) To the extent this litigation has impacted the working relationship between the Class members and Omni—one which remains ongoing—a final resolution through the Settlement should eliminate such impacts. (*See id.*)

## III. LEGAL STANDARD

"The claims, issues, or defenses of a certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998), *overruled on other grounds*

*by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Further, a court may only approve a proposed settlement "after a hearing and only on finding that it is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). "Under this standard, district courts can neither rubberstamp the settlement nor unduly meddle in the parties' affairs." *In re Cal. Pizza Kitchen Data Breach Litig.* ("*CPK*"), 129 F.4th 667, 674 (9th Cir. 2025).

In considering whether to approve a settlement, courts examine the fairness of "the settlement taken as a whole, rather than the individual component parts." *Hanlon*, 150 F.3d at 1026. The court's examination must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> (i) the costs, risks, and delay of trial and appeal;
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

These factors "bake[] into the text of Rule 23(e)" the key factors that Ninth Circuit courts have traditionally considered:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*CPK*, 129 F.4th at 674; *Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021).

"The district court's approval order must show not only that 'it has explored [these] factors comprehensively,' but also that the settlement is 'not[] the product of collusion among the negotiating parties.'" *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935,

947 (9th Cir. 2011) (quoting *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000), *as amended* (June 19, 2000)).

## IV. DISCUSSION

### A. Rule 23(e)(1) Notice

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025.

The Court previously approved the parties' form and method of proposed notice. (Doc. No. 190 at 12–14.)

The parties have provided the Court with declarations from Mainur Wright, a project manager at Angeion, and Joselyne Lara, a paralegal at TRT Equity Advisors, LLC. (Doc. Nos. 193-1; 193-2.) Both declarants state that they have notified the Class members of the Settlement in accordance with the Court-approved form and method of notice. (Doc. Nos. 193-1 at 2–3 ¶¶ 5–10; 193-2 ¶¶ 6–9.) Angeion thus notified 100 of the 103 Class members of the Settlement by mail. (Doc. No. 193-1 at 2–3 ¶¶ 5–10.) Omni provided notice of the Settlement via email through Joselyne Lara. (Doc. No. 193-2 ¶¶ 6–9.) It is not clear whether any emails were unsuccessful. (*See id.*)

Based on the declarations, the Court concludes that the parties effectuated the court-approved form and method of notice and that the Class members received adequate notice of the Settlement. Based on Angeion's mailed notice alone, over 97% of the Class members were notified. (Doc. No. 193-1 ¶¶ 5–10.) Other courts have found lower notification rates satisfactory. *See, e.g.*, *Carter v. McDonald's Restaurants*, No. EDCV-15-01531-MWF-(JCx), 2017 WL 5634300, at *3 (C.D. Cal. Mar. 15, 2017) (approving 94.5% notification rate); *Hod v. Medtronic MiniMed, Inc.*, No. 2:23-cv-07154-JLS-PVC, 2025 WL 2934516, at *3 (C.D. Cal. Sept. 18, 2025) (approving 91.72% notification rate).

### B. Rule 23(e)(2) Factors

The Court previously found that the Rule 23(e)(2) factors preliminarily weighed in favor of approving the Settlement. (Doc. No. 190 at 6–11.) However, the Court noted concerns with the adequacy of the Beavers' representation of the Class and of Class

counsel's performance based on the risk of an adverse attorney fee award to which only the Beavers would be subject. (*Id.* at 7–8, 11.) The Court thus granted preliminary approval to allow the Class members an opportunity to address the Court's concerns and any issues the Class members themselves may identify. (*Id.*)

No Class member has submitted a written objection. (Doc. Nos. 193-1 at 3 ¶ 11; 193-2 ¶ 10.) Nor did any Class member orally object to the Settlement at the August 27, 2026 hearing.

Given the Court's preliminary approval and the absence of any objections, the Court finds that the Rule 23(e)(2) factors weigh in favor of final approval of the Settlement.

**C. Additional Ninth Circuit Factors**

**1. Experience and Views of Counsel**

The Court previously determined that this factor weighs in favor of approval. (Doc. No. 190 at 11.) Counsel maintain their prior positions. (Doc. No. 193 at 11.) Accordingly, the Court incorporates its prior analysis and continues to find that this factor weighs in favor of approval. (*See* Doc. No. 190 at 11.)

**2. Reaction of Class Members**

In the preliminary approval order, the Court stated that this factor is neutral "[b]ecause not all Class members have had an opportunity to weigh in." (*Id.* at 12.) Since the preliminary approval order, no Class member has objected to the Settlement. (Doc. No. 193-1 at 3 ¶ 11; 193-2 ¶ 10.) The absence of any objections weighs in favor of approval. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (quoting *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004)).

**3. Presence of a Government Actor**

No government actor has participated at any stage of this litigation. However, the Class Action Fairness Act requires that "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class

member resides and the appropriate Federal official, a notice of the proposed settlement[.]" 28 U.S.C. § 1715(b). The Class Action Fairness Act "presumes that, once put on notice, state or federal officials will raise any concerns that they may have during the normal course of the class action settlement procedures." *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015) (citation omitted).

On May 22, 2026, Angeion notified the Attorney General of the United States and the Attorneys General of the states in which the Class members reside of the Settlement. (Doc. No. 193-1 at 2 ¶ 3; *see also id.* at 5–7.) Angeion has not received any response from any government official. (*See* Doc. No. 193-1 at 2 ¶ 4.)

The Court notes that Omni did not provide the notice within the "10 days after a proposed settlement of a class action is filed in court." 28 U.S.C. § 1715(b). Indeed, Omni provided the notice 133 days after the parties filed their joint motion for preliminary approval. (*See* Doc. No. 181.) Such late notice, however, is not fatal. *See Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 973 (E.D. Cal. 2012). Rather, the more crucial factor is whether state and federal officials have sufficient time to review a proposed settlement agreement and respond. *See* 28 U.S.C. § 1715(d).

Here, Omni notified state and federal officials of the Settlement within 10 days of the Court's preliminary approval. (*See* Doc. No. 190.) The statutory 90-day period elapsed on August 20, 2026—a week before the Court's final approval hearing. *See* 28 U.S.C. § 1715(d). Because no governmental entity has responded, this factor now weighs in favor of approval. *See, e.g.*, *Rose v. Bank of Am. Corp.*, No. 5:11-CV-02390-EJD, 2014 WL 4273358, at *5 (N.D. Cal. Aug. 29, 2014).

### 4. Incentive Awards for Named Plaintiffs

The Settlement does not provide the Beavers with any incentive award. (*See generally* Doc. No. 181-1 at 13–32.) This factor is therefore neutral at most.

**5. Settlement Administration, Form and Method of Proposed Notice**

As noted above, the Court previously approved the form and method of proposed notice, and the parties complied with the Court-approved form and method. (*Supra* at 5.) This factor now weighs in favor of approval.

## V. CONCLUSION

For the foregoing reasons, the Court **FINDS** that the Settlement (Doc. No. 180-1 at 13–32) is fair, reasonable, and adequate; **GRANTS** the parties' Joint Motion for Final Approval of Class Action Settlement (Doc. No. 193); and **APPROVES** the Settlement. The parties must fulfill the terms of the Settlement.

The Court additionally **ORDERS** the parties to timely file a joint motion to dismiss the action.

**IT IS SO ORDERED**.

Dated: August 27, 2026



Hon. Anthony J. Battaglia
United States District Judge